**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence J. Warfield, as Trustee for Osborn Scientific Group, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Advnt Biotechnologies, LLC, et al., <br><br> Defendants. | No. CIV-06-0904-PHX-DGC (Lead) <br> No. CIV-06-2787-PHX-EHC <br> No. CIV-06-2788-PHX-ROS <br><br> **ORDER** |
| Advnt Biotechnologies, LLC, an Arizona limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> Robert C. Bohannon, Nancy Bohannon, husband and wife; Martin Schroeder, Ann Schroeder, husband and wife; The Emmes Group, Inc., a corporation, <br><br> Defendants. | |

Plaintiff Advnt Biotechnologies ("Advnt") has filed motions to transfer and consolidate cases it has brought against Robert and Nancy Bohannon ("Bohannon") and Martin and Ann Schroeder ("Schroeder"). Dkt. #72, 73. The Court has reviewed the memoranda filed by the parties. Dkt. ##72, 79, 80, 83, 86. For the reasons discussed below, the Court will grant Advnt's motion.

## I. Background.

Lawrence J. Warfield, trustee in bankruptcy for Osborn Scientific Group, Inc. ("OSG"), filed a twenty-count complaint against Advnt stemming from Advnt's purchase of many of OSG's assets on October 22, 2003, including tests for various types of biowarfare agents. *See* 06-ap-00087-GBN, Dkt. #1 ("Trustee Complaint"). The Trustee contends OSG received other offers for more than the sale price of $50,000, but sold the assets to Advnt for a lesser amount to satisfy a $266,000 debt OSG owed to Advnt's owner, Tim Scherkenback. *Id.* ¶¶ 104-07. Advnt has filed a separate action for tortious interference with contract and conversion against Bohannon, the former chief scientist of OSG, for allegedly removing or altering the formulas for OSG's biowarfare testing solutions, known as Standard Operating Procedures ("SOPs"). CIV-06-2788 Dkt. #1. Advnt has also filed an action for tortious interference with contract against Schroeder and the Emmes Group, former investment bankers for OSG, for allegedly stating falsely to the Trustee that other companies had offered far more than Advnt for a stake in OSG. CIV-06-2787, Dkt. #1. Advnt now seeks to transfer and consolidate the cases against Bohannon and Schroeder with the main action brought by the Trustee. The Trustee does not oppose Advnt's motion. Dkt. #79.

## II. Discussion.

Federal Rule of Civil Procedure 42(a) states:

> **(a) Consolidation.** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Local Rule of Civil Procedure 42.1(a)(1) provides:

> Whenever two or more cases are pending before different Judges and any party believes that such cases (A) arise from substantially the same transaction or event; (B) involve substantially the same parties or property; (C) involve the same patent, trademark, or copyright; (D) calls [sic] for determination of substantially the same questions of law; or (E) for any other reason would entail substantial duplication of labor if heard by different Judges, any party may file a motion to transfer the case or cases involved to a single Judge.

While the actions against Bohannon and Schroeder are narrower than the action against Advnt, all the cases are substantially related to the inventory purchase agreement between OSG and Advnt. Bohannon allegedly tortiously interfered with the contract by removing or altering the formula for the SOPs. CIV-06-2788, Dkt. #1 ¶ 10. Schroeder allegedly tortiously interfered with the contract by telling the Trustee that OSG had received more lucrative offers than Advnt's, prompting the Trustee to sue. CIV-06-2787, Dkt. #1.

The case against Bohannon will involve some of the same intellectual property as the case against Advnt. The suit against Advnt alleges misappropriation of trade secrets through Advnt's improper use of OSG's proprietary SOPs. Trustee Complaint, Dkt. #1 ¶¶ 255-57. In its suit against Bohannon, Advnt alleges that Bohannon altered or removed the existing SOPs and that the formulas Advnt purchased were useless. CIV 06-2788 Dkt. #1 ¶¶ 10, 20. If a jury finds that Bohannon did remove or alter the SOPs, as Advnt alleges, a logical conclusion would be that Advnt could not have misappropriated OSG's trade secrets relating to the SOPs because Advnt never used them.

Similarly, Advnt's claim against Schroeder may relate to the defense of claims the Trustee has brought against Advnt. Advnt alleges that the Trustee based many of the claims against Advnt on Schroeder's false statements that Advnt did not pay fair consideration for OSG's inventory. The resolution of some of the claims in the action against Advnt, as well as the tortious interference claims against Schroeder, will involve common factual questions.

Both Bohannon and Schroeder argue that consolidation will not promote efficiencies and will unfairly prejudice them because their motions to dismiss are still pending, while the pleading stage in the action against Advnt has ended, initial Rule 26(a) disclosures have been exchanged, and the discovery period is scheduled to end on July 27, 2007. Dkt. ##80 at 7-8; 83 at 8-9. The Court will rule on Bohannon and Schroeder's motions to dismiss and then

1 determine what changes, if any, should be made to the existing schedule. *See* Dkt. #71.[1]

2 Bohannon and Schroeder also argue that requiring them to participate in the litigation against Advnt would be unfair because "legal expenses would be vastly multiplied as their counsel would be compelled to participate in, or at least monitor, the multitude of depositions, motions, conferences, document productions, and pre-trial proceedings[.]" Dkt. #80 at 8; *see also* Dkt. #83 at 9. This concern is overstated. Bohannon and Schroeder will likely participate in substantially the same number of pre-trial proceedings whether these cases are tried separately or together. Monitoring the larger litigation – which these parties likely would do in any event – should not be a significant expense, and the parties may choose to forego certain discovery or filing motions that do not pertain to their cases. To the extent that proceedings in the three cases do overlap, consolidation will avoid unnecessary duplication.

**IT IS ORDERED:**

1. Advnt's motions to consolidate (Dkt. #72) and transfer (Dkt. #73) are **granted**.
2. The Clerk is directed to transfer Case Nos. CIV-06-2787-PHX-EHC and CIV-06-2788-PHX-ROS to this Court and consolidate them with Case No. CIV-06-0904-PHX-DGC.

DATED this 15th day of May, 2007.

_____
David G. Campbell
United States District Judge

---

[1] The Schroeders make a number of arguments as to why they cannot be held liable for tortious interference of contract as a matter of law. Dkt. #83 at 6-8. The Court notes that one of these arguments is made in the Schroeder's motion to dismiss, and the Court will address that argument in ruling on the motion.

- 4 -