**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AdVnt Biotechnologies, LLC, an Arizona limited liability company,<br><br>          Plaintiff,<br><br>vs.<br><br>Robert C. Bohannon, Nancy Bohannon, husband and wife,<br><br>          Defendants. | No. CV-06-2788-PHX-DGC<br><br>**ORDER** |

Defendant has filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. #7. For the reasons set forth below, the Court will grant the motion in part and deny it in part.[1]

**I.    Background.**

Lawrence J. Warfield, trustee in bankruptcy for Osborn Scientific Group, Inc. ("OSG"), filed a twenty-count complaint against AdVnt Biotechnologies, LLC ("Advnt") stemming from Advnt's purchase of many of OSG's assets on October 22, 2003, including test kits for various types of biowarfare agents. *See* 06-ap-00087-GBN, Dkt. #1. The Trustee contends OSG received other offers for more than the sale price of $50,000, but sold the assets to Advnt for a lesser amount to satisfy a $266,000 debt OSG owed to Advnt's

---

[1] The request for oral argument is denied because the parties have thoroughly discussed the law and evidence and oral argument will not aid the Court's decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

owner, Tim Scherkenback. *Id.* ¶¶ 104-07. Advnt has filed this separate action for tortious interference with contract, conversion, and fraudulent concealment against Defendant Bohannon, the former chief scientist of OSG, for allegedly removing or altering the formulas for OSG's biowarfare testing solutions, known as Standard Operating Procedures ("SOPs"). Dkt. #1.

## II.     Statute of Limitations.

Defendant argues that Advnt's claims are barred by the two-year statute of limitations found in A.R.S. § 12-542 because the November 2006 complaint was filed more than two years after the alleged alterations of the SOPs, which Defendant asserts must have occurred before the transfer of assets in October 2003. Dkt. #7 at 6. Advnt's claim against Defendant originally was filed as a third-party claim on February 24, 2006, but was dismissed on November 9, 2006.

A statute of limitations defense "may be raised by a motion to dismiss . . . [i]f the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citing *Graham v. Taubman*, 610 F.2d 821 (9th Cir. 1979)). But the "complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998) (quoting *Supermail Cargo, Inc. V. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)); *see Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993).

Advnt argues that its claim is timely because it was filed eleven days after dismissal of the third-party claim in November of 2006, well within the six months required by Arizona's savings statute. *See* A.R.S. § 12-504. Defendant argues that the savings statute cannot save Advnt's claim because the claim was already untimely when the third-party complaint was filed in February of 2006. Defendant further contends that the savings statute does not apply because Advnt voluntarily dismissed the third-party claim. Dkt. #7 at 7.

The Court cannot conclude from the face of Advnt's complaint that the claim was

1 untimely when the third-party claim was filed. The complaint specifically alleges that Advnt
2 did not discover Defendant's wrongful actions until September of 2004, less than two years
3 before the third-party complaint was filed in February of 2006. Dkt. #1, ¶23. The Court
4 must accept this allegation as true in ruling on Defendant's motion to dismiss. *Smith v.*
5 *Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).

6 Nor can the Court conclude that Advnt's third-party claim was voluntarily dismissed.
7 Although Advnt offered to dismiss the third-party claim if the Court would permit it to file
8 a cross-claim, the Court denied the requested cross-claim and dismissed the third-party claim.
9 *See* No. CIV-06-0904-PHX-DGC, Dkt. ##46, 60.

10 Moreover, even if the third-party complaint had been voluntarily dismissed, the
11 savings statute allows for discretionary relief if "an action timely commenced is terminated
12 by . . . voluntary dismissal by order of the court." A.R.S. § 12-504(A). Plaintiff must show
13 that it acted reasonably and in good faith and that it prosecuted its case diligently. *Flynn v.*
14 *Cornoyer-Hedrick Architects & Planners, Inc.*, 772 P.2d 10, 15 (Ariz. App. 1988). Because
15 Advnt acted promptly to assert this claim within eleven days of dismissal of the third-party
16 claim, the Court would elect to treat the claim as timely even if it concluded that the third-
17 party complaint was dismissed voluntarily.

18 **III.   Conversion.**

19 Conversion is "an intentional exercise of dominion or control over a chattel which so
20 seriously interferes with the right of another to control it that the actor may justly be required
21 to pay the other the full value of the chattel." *Miller v. Hehlen*, 104 P.3d 193, 203 (Ariz. Ct.
22 App. 2005) (quoting Restatement (Second) of Torts § 222A(1) (1965)). In order to bring an
23 action for conversion, the object of conversion must be tangible personal property or
24 intangible property that is "merged in, or identified with, some document," such as a stock
25 certificate or an insurance policy. *Miller*, 104 P.3d. at 472 (quoting 18 Am. Jur. 2d,
26 Conversion § 7 (2004)), *see also* Restatement (Second) of Torts § 242, cmt. a.

27
28
- 3 -

Advnt alleges that Defendant intentionally removed or altered the SOPs by tampering with the computer disk that stored the biowarfare test kit formula, resulting in a formula that was useless to Advnt. Dkt. #1 at 3. While a computer disk created to store information may be tangible, a recipe or formula is inherently intangible. And the computer disk does not confer the right to the formula in the same way that an insurance policy confers the right to insurance or a stock certificate confers an interest in a corporation.

Two cases support this conclusion. In *Bloom v. Hennepin County*, 783 F. Supp. 418, 440-441 (D. Minn. 1992), the district court held that a doctor's medical "protocol," although reduced to writing, could not be converted. *Bloom* is persuasive both because the protocol at issue is similar to the SOPs involved here and because Minnesota, like Arizona, follows the Restatement approach to intangible property. *Id.* at 440. In *Schaefer v. Spence*, 813 S.W.2d 92, 96-97 (Mo. App. 1991), the court refused to expand conversion to include the appropriation of a spice blend formula. *Schaefer* also follows the Restatement and addresses the appropriation of a formula or "idea." *Id.* at 96.

Under these cases and the Restatement, the SOPs are not tangible property subject to the tort of conversion. The SOPs and the proprietary rights associated with them exist apart from the information's storage on a computer disk.

Advnt relies on *Kremen v. Cohen*, a Ninth Circuit case applying California law, to support its argument that property includes "every intangible benefit and prerogative susceptible of possession or disposition." 337 F.3d 1024, 1030 (9th Cir. 2003) (citing *Downing v. Mun. Court*, 198 P.2d 923, 926 (Cal. App. 1948)). Significantly, however, *Kremen* concludes that California *does not* follow the Restatement's strict merger requirement. *Id.* at 1031. Because Arizona does follow the Restatement, *Kremen* is inapposite. In Arizona, tampering with a formula or recipe stored on a tangible medium is not tampering with a "chattel" for the purposes of a conversion claim. The Court therefore will dismiss Advnt's conversion claim.

- 4 -

**VI.   Tortious Interference with Contract.**

In order to establish a prima facie claim for tortious interference with contract, a plaintiff must show "the existence of a valid contractual relationship or business expectancy; the interferer's knowledge of the relationship or expectancy; intentional interference inducing or causing a breach or termination of the relationship or expectancy; and resultant damage to the party whose relationship or expectancy has been disrupted." *Wallace v. Casa Grande Union High Sch. Dist. No. 82 Bd. of Governors*, 909 P.2d 486, 494 (Ariz. Ct. App. 1995). In addition, liability depends on the behavior being "improper." *Bar J Bar Cattle Co. v. Pace*, 763 P.2d 545, 547 (Ariz. Ct. App. 1988).

Advnt alleges that Defendant intentionally altered the SOPs so as to render them useless, thus interfering with the October 22, 2003 contract between Advnt and OSG. Dkt. #1, ¶11. Defendant asserts that Advnt cannot state a claim for tortious interference because "when an employee acts as a representative of his or her company, the employee cannot, as a matter of law, interfere with the company's contract." Dkt. #7 at 12 (citing *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 905 P.2d 559, 564-65 (Ariz. Ct. App. 1995)).

While it is true that "[d]efendants who are acting within the scope of their authority, for the benefit of their employer, are the employer and cannot interfere with their own contract," *Spratt v. Northern Automotive Corp.*, 958 F. Supp. 456, 464 (D. Ariz. 1996) (citing *Payne v. Pennzoil Corp.*, 672 P.2d 1322 (Ariz. Ct. App. 1983)), an employee may be held liable for tortious interference if his actions were improper, *Spratt*, 958 F. Supp. at 465 (citing *Wagenseller v. Scottsdale Memorial Hosp.*, 710 P.2d 1025 (Ariz. 1985)). The complaint adequately alleges that Bohannon's actions were improper and for "his own personal benefit," whether taken before or after Bohannon left OSG. Dkt. #1, ¶15.

Defendant also contends that the contract was not in existence when Defendant is alleged to have tampered with the SOPs, and that Defendant was not able to access the SOPs after leaving OSG's employ. Dkt. #16 at 8. These are factual issues that cannot be resolved through a motion to dismiss.

Rule 8(f) provides that "[a]ll pleadings shall be so construed as to do substantial justice." So construing Advnt's complaint, the Court concludes that Advnt has stated a claim for tortious interference that gives Defendant fair notice of the basis for the claim. *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

**V.     Pleading Fraudulent Concealment.**

Fraudulent concealment, if available under applicable state law and not inconsistent with the Constitution or other federal law, may toll an otherwise applicable statute of limitations. *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980). Fraudulent concealment must be pled with particularity. *Id.* at 120; *Hearn v. R.J. Reynolds Tobacco Co.*, 279 F. Supp. 2d 1096, 1113 (D. Ariz. 2003) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 663 (9th Cir. 1999)). Plaintiff must plead the allegedly concealed facts and show Advnt's due diligence in trying to uncover them. *See Conerly*, 623 F.2d at 120. The alleged concealment must be "above and beyond the wrongdoing upon which the plaintiff's claim is filed." *Guerrero v. Gates*, 442 F.3d 697, 706-707 (9th Cir. 2006).

Advnt's complaint sets forth what it believes was false and misleading information, as well as why it was false and misleading. *See Hearn*, 279 F. Supp. 2d at 1113 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999)). Advnt alleges who (Bohannon), what (tampered with the SOPs), when (after walking out of a meeting in August 2003 and before the counterfeit SOPs were discovered in September 2004), and where (computer disks possessed by Advnt). *See Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). Plaintiff also alleges active concealment, above and beyond the underlying wrongdoing, by asserting that Bohannon replaced the valid SOPs with "worthless counterfeits" to conceal that the SOPs had been tampered with. *Hearn*, 279 F. Supp. 2d at 1114.; Dkt. #1, ¶ 20.

Overall, Plaintiff's complaint "identifies the circumstances of the alleged fraud so that defendants can prepare an adequate answer." *Cooper*, 137 F.3d at 627 (citing *Warshaw v. Xoma Corp.*, 74 F.3d 955, 960 (9th Cir. 1996)). Accepting Advnt's allegations as true, the

Court finds them sufficient to satisfy the Rule 9 requirement of particularity.  Defendant's factual concerns about Advnt's chronology of the alleged events may be addressed at the summary judgment stage of this litigation.

**IT IS ORDERED** that Defendant's motion to dismiss (Dkt. #7) is **granted** in part and **denied** in part as set forth above.

DATED this 28th day of June, 2007.

_____
David G. Campbell
United States District Judge